**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**CASE NO.: \*\*\*\***

DAVID GORDON OPPENHEIMER,

          Plaintiff,

v.

NEUHAUS REALTY INC AND DAVID
BONAMO,

          Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF REQUESTED)

Plaintiff DAVID GORDON OPPENHEIMER by and through his undersigned counsel, brings this Complaint against Defendants NEUHAUS REALTY INC AND DAVID BONAMO for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer") brings this action for violations of his exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Oppenheimer's original copyright-protected Work of authorship and for violations of 17 U.S.C. § 1202 for the unauthorized removal of copyright management information ("CMI").

2. Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints of his work in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across

the United States.  His work has been featured on National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports and on display at the Museum of the City of New York.

3. Defendant NEUHAUS REALTY INC ("Neuhaus") is a real estate company in Staten Island, NY that offers a comprehensive list of services to assist with their customers' real estate needs. At all times relevant herein, Neuhaus owned and operated the internet website located at the URL https://neuhausrealty.com.

4. Defendant DAVID BONAMO ("Bonamo") is a Real Estate Agent with Neuhaus Realty Inc., and was so at the time the infringement started.

5. Defendants Neuhaus and Bonamo are collectively referred to herein as "Defendants".

6. At all times relevant herein, upon information and belief, Bonamo and/or Neuhaus were the respective listing agent and broker in charge of the infringing real estate listing marketing a single-family house located at 3712 Cypress Avenue, Brooklyn, New York 11224, and promoted the listing through Staten Island Multiple Listing Service, Inc., which resulted in the Work being displayed in infringing listings for the property at the following URLs (the "Listings"):

    a.  https://www.compass.com/listing/3712-cypress-avenue-brooklyn-ny-11224/1165366693719518721/

    b.  https://www.zillow.com/homedetails/3712-Cypress-Ave-Brooklyn-NY-11224/30732533_zpid/?

    c.  https://www.trulia.com/p/ny/brooklyn/3712-cypress-ave-brooklyn-ny-11224--346766

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

    d. https://www.coldwellbanker.com/ny/brooklyn/3712-cypress-ave/lid-P00800000G5r2tJuZpXr4iC9eYyH3sMx7s8C0IMy

    e. https://www.realtor.com/realestateandhomes-detail/3712-Cypress-Ave_Brooklyn_NY_11224_M46166-91666

    f. https://www.remax.com/ny/brooklyn/home-details/3712-cypress-ave-brooklyn-ny-11224/11113920215241834292/M00000487/1158392?gallery=true

    g. https://www.redfin.com/NY/Brooklyn/3712-Cypress-Ave-11224/home/40850443

    h. https://www.point2homes.com/US/Multi-Family-For-Sale/NY/Brooklyn/Sea-Gate/3712-Cypress-Avenue/131829319.html

    i. https://www.johnnypalproperties.com/details.php?mls=329&mlsid=1158392

    j. https://www.dianerealty.com/property/ny/11224/brooklyn/-/3712-cypress-avenue/63585b2d86bb977f56747e18/

7. Oppenheimer alleges that Defendants made an unauthorized copy of his Work for the purpose of advertising, marketing, and promoting their real estate business and the Listings. The infringing use was directly connected to Defendants' business operations and intended to attract public attention and drive sales in the ordinary course of business.

## JURISDICTION AND VENUE

8. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

9. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

10. Defendants are subject to personal jurisdiction in this district because they conducted and directed the infringing activity here and operated a commercial business within this forum.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

### DEFENDANTS

12. Neuhaus Realty Inc. is a New York corporation, with its principal place of business at 3171 Richmond Road, Staten Island, New York, 10306, and can be served by serving its Registered Agent, DOMONICA NEUHAUS, 3171 RICHMOND RD, STATEN ISLAND, NY, 10306.

13. David Bonamo is an individual residing in Staten Island, Richmond County, State of New York, and can be served at 6199 Amboy Road, Staten Island, New York, 10309.

### THE COPYRIGHT-PROTECTED WORK AT ISSUE

14. In 2016, Oppenheimer created the photograph entitled "Seagate_Brooklyn_aerial_3360.jpg," which is shown below and referred to herein as the "Work."

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS



15. At the time Oppenheimer created the Work, Oppenheimer applied CMI to the Work consisting of "© 2016 David Oppenheimer" in the bottom right corner of the Work.

16. Oppenheimer has complied in all respects with Title 17 U.S.C. § 102, et seq., and all other laws governing federal copyright applicable to the Work and prior to first publication of the Work. Oppenheimer registered the copyright of the Work with the U.S. Copyright Office on August 9, 2016.      The Work is on deposit with the U.S. Copyright Office registered with the contents title "*Seagate_Brooklyn_aerial_3360.jpg*" and is identified in the first paragraph on page three of the copyright registration certificate. The group registration was assigned registration number VAu 1-251-271. The Certificate of Registration is attached hereto as **Exhibit 1**.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

17. Oppenheimer's Work is protected by copyright but is not otherwise confidential, proprietary, or a trade secret. The Work in perspective, orientation, positioning, lighting, and other details are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

18. At all relevant times Oppenheimer was the owner of the copyright-protected Work.

### INFRINGEMENT BY DEFENDANTS

19. Defendants have never been licensed to use the Work at issue in this action for any purpose.

20. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

21. On or about May 11, 2023, Oppenheimer discovered the unauthorized use of his Work on the Listings.

22. Defendants copied Oppenheimer's copyright-protected Work without Oppenheimer's permission.

23. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their online real estate platform.

24. Defendants copied and distributed Oppenheimer's copyright-protected Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of marketing and selling real estate in the Listings.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

25. Defendants committed copyright infringement of the Work as evidenced by screenshots showing the infringing uses identified above in paragraph 6(a)-(j) of this Complaint, attached hereto as **Exhibit 2**.

26. Oppenheimer never gave Defendants permission or authority to copy, distribute, or display the Work for any purpose.

27. Oppenheimer notified Defendants of the allegations set forth herein on May 21, 2024 and as recently as July 16, 2025.  To date, the parties have failed to resolve this matter.

28. When Defendants copied and displayed the Work at issue in this case, Defendants removed Oppenheimer's CMI from the Work.

29. Oppenheimer never gave Defendants permission or authority to remove CMI from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

30. Oppenheimer incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Oppenheimer owns a valid copyright in the Work at issue in this case.

32. Oppenheimer registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

33. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

34. Defendants performed the acts alleged in the course and scope of their business activities.

35. Defendants' acts were willful.

36. Oppenheimer has been damaged.

7

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

37. The harm caused to Oppenheimer includes irreparable harm.  The unauthorized use of the Work undermined its exclusivity, diminished its licensing value, and caused harm to Oppenheimer's professional goodwill, including by disrupting the controlled distribution and attribution essential to his business.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

38. Oppenheimer incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

39. The Work at issue in this case, as published by Oppenheimer, contains CMI in the form of a visible watermark in the bottom right corner of the Work stating "© 2016 David Oppenheimer". The Work had additional CMI in its metadata, and also in a legible caption.

40. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the face of the Work and its metadata, and also omitted the accompanying notice of copyright of the Work's caption from its subsequent infringing distributions and displays in violation of 17 U.S.C. § 1202(b).

41. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate, and/or conceal infringement of Oppenheimer's rights in the Work at issue in this action protected under the Copyright Act.

42. Defendants caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that they would induce, enable, facilitate, and/or conceal infringement of Oppenheimer's rights in the Work at issue in this action protected under the Copyright Act.

43. Oppenheimer has been damaged.

8

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

44. The harm caused to Oppenheimer includes irreparable harm.

45. Defendants have benefited from their infringement of the Work; the unauthorized use undermined the Work's exclusivity, diminished its licensing value, and caused irreparable injury to Oppenheimer's business, reputation, and professional goodwill— including by disrupting the controlled distribution and attribution essential to his business—thereby resulting in monetary loss and dilution in the marketplace. Accordingly, Oppenheimer is entitled to injunctive relief, damages, and other relief authorized under the Copyright Act.

WHEREFORE, the Plaintiff DAVID GORDON OPPENHEIMER prays for judgment against the Defendants NEUHAUS REALTY INC and DAVID BONAMO that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Oppenheimer his actual damages and Defendants' profits attributable to the infringement, or, at Oppenheimer's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Oppenheimer be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Oppenheimer be awarded pre- and post-judgment interest; and

e. Oppenheimer be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Oppenheimer hereby demands a trial by jury of all issues so triable.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

Dated: February 4, 2026

Respectfully submitted,

*/s/ Jordan I. Abisror*
JORDAN I. ABISROR
Bar Number: 6139190
jordan.abisror@sriplaw.com

REBECCA A. KORNHAUSER
Bar Number:  6174387
rebecca.kornhauser@sriplaw.com

JOSEPH A. DUNNE
(JD0674)
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.475.9070 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Gordon Oppenheimer*

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS